KILPATRICK TOWNSEND & STOCKTON LLP
KOLLIN J. ZIMMERMANN (Bar No. 273092)
Kzimmermann@kilpatricktownsend.com
9720 Wilshire Blvd PH
Beverly Hills, CA 90212-2018
Telephone:  310-248-3830
Facsimile:   310-860-0363

WILLIAM M. BRYNER (*pro hac vice* application pending)
bbryner@kilpatricktownsend.com
1001 West Fourth Street
Winston-Salem, NC 27101-2400
Telephone:  (336) 607-7482
Facsimile:   (336) 734-2656

JENNIFER FAIRBAIRN DEAL (*pro hac vice* application pending)
jdeal@kilpatricktownsend.com
1100 Peachtree Street N.E., Suite 2800
Atlanta, GA 30345
Telephone: (404) 815-6500
Facsimile: (404) 815-6555

Attorneys for Plaintiff
FIVE STAR PAINTING, LLC

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIVE STAR PAINTING, LLC, | Case No. _____ |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | **(1) TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114(1);** |
| 5 STAR PAINTER LA, | **(2) UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a);** |
| Defendant. | **(3) COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION;** |
| | **(4) STATUTORY UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE § 17200;** |
| | **[DEMAND FOR JURY TRIAL]** |

COMPLAINT                                                                              - 1 -

1   Plaintiff Five Star Painting, LLC ("Plaintiff") states the following for its
2   Complaint against Defendant 5 Star Painter LA ("Defendant"):

3   **NATURE OF THE ACTION**

4   1.   This is an action at law and in equity for service mark infringement and
5   unfair competition in violation of the Trademark Act of 1946, 15 U.S.C. §§ 1051 *et*
6   *seq.* ("Lanham Act") and the common law of the State of California, as well as
7   violations of the California statutory unfair competition law, Cal. Bus. & Prof. Code
8   § 17200.

9   **THE PARTIES**

10   2.   Plaintiff Five Star Painting, LLC is a Delaware limited liability company
11   with a place of business at 1010 North University Parks Drive, Waco, Texas 76707.
12   Plaintiff is the record owner, in its own right or by assignment from its predecessors-
13   in-interest, of the United States registered service marks at issue in this dispute,
14   which are identified below.

15   3.   Upon information and belief, Defendant 5 Star Painter LA is a California
16   company with a principal place of business at 1670 Hillhurst Ave., Ste. #203, Los
17   Angeles, CA 90027.

18   **JURISDICTION AND VENUE**

19   4.   This Court has subject matter jurisdiction over the federal claims alleged
20   herein pursuant to § 39 of the Lanham Act, 15 U.S.C. § 1121, and pursuant to 28
21   U.S.C. §§ 1331, 1332 and 1338(a). As to the claims under state law, this Court has
22   subject matter jurisdiction pursuant to 28 U.S.C. § 1338(b), and supplemental
23   jurisdiction pursuant to 28 U.S.C. § 1367.

24   5.   This Court has personal jurisdiction over Defendant because, on
25   information and belief, Defendant (a) is located in the State of California; (b)
26   distributes, offers for sale, and sells services in connection with trademarks or trade
27   names that infringe Plaintiff's intellectual property within the State of California; (c)
28   regularly transacts and conducts business within the State of California; and (d) has

COMPLAINT                                                                      - 2 -

otherwise made or established contacts with the State of California sufficient to permit the exercise of personal jurisdiction.

6.    Venue is proper under 28 U.S.C. § 1391(a) and (b) because the acts giving rise to the claims in this case occurred in this District, and upon information and belief, Defendant has a principal place of business in this District.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF
## THE FIVE STAR PAINTING® FRANCHISE SYSTEM

7.    Plaintiff is the franchisor of a nationwide system of more than 175 licensed franchise businesses operating in the United States, each of which provides residential, commercial, and industrial painting services, among other services. Plaintiff operates these businesses under the service mark and trade name "FIVE STAR PAINTING," and these businesses operate in accordance with a business system and format using service marks, trade dress, and business methods proprietary to Plaintiff.

8.    Plaintiff has franchisees nationwide, including in Southern California, where Plaintiff has franchisees located in Corona, Long Beach, San Diego, San Marcos, Simi Valley, Murrieta, and West Hills (the "Southern California Franchisees"). The Southern California Franchisees do business under the following trade names, respectively: Five Star Painting Corona, Five Star Painting Long Beach, Five Star Painting San Diego, Five Star Painting San Marcos, Five Star Painting Simi Valley, Five Star Painting Temecula Valley, and Five Star Painting Woodland Hills.

9.    The franchisees commonly service the following Southern California locations and their surrounding areas: Agoura Hills, Beverly Hills, Calabasas, Carlsbad, Clairemont, Corona, Cypress, Encino, Tarzan, Fallbrook, Huntington Beach, Kearny Mesa, La Jolla, Lake Elsinore, Long Beach, Los Angeles, Malibu, Menifee, Miramar, Mission Valley, Moorpark, Murrieta, Oak Park, Ocean Beach, Oceanside, Pacific Beach, Pacific Palisades, Rancho Palo Verdes, Redondo Beach, San Diego, San Marcos, San Pedro, Sherman Oaks, Simi Valley, Sun City, Temecula,

COMPLAINT                                                          - 3 -

Thousand Oaks, Torrance, Vista, West Hills, Westlake Village, Westminster, Wildomar, Winchester, Woodland Hills. Importantly, Five Star Painting Woodland Hills services the Los Angeles area and surrounding areas.

10.   Plaintiff does not currently have an authorized FIVE STAR PAINTING® franchisee located in Los Angeles *per se*,  but Plaintiff is poised to expand its franchise system into that area.

11.   Plaintiff, its predecessors-in-interest, and their respective franchisees have used the FIVE STAR PAINTING® service mark for over thirteen years in connection with a wide range of painting services. On October 27, 2015, Plaintiff's predecessor was granted U.S. Service Mark Reg. No. 4,840,695, for the word mark "FIVE STAR PAINTING," on the Principal Register of the United States Patent and Trademark Office (the "USPTO") for use in connection with "[r]esidential, commercial and industrial painting services; gutter installation and repair services; pressure washing services; concrete cleaning services; carpentry services" ("the '695 Registration"). A true and accurate copy of the Certificate of Registration for the '695 Registration is attached hereto as **Exhibit A**.

12.   Plaintiff and its respective franchisees have also used the FIVE STAR PAINTING and design service mark shown below for over thirteen years in connection with painting services, among other services. On November 9, 2010, Plaintiff's  predecessor was granted U.S. Service Mark Reg. No. 3,871,817, for the mark "FIVE STAR PAINTING" together with a distinctive design logo, on the Principal Register of the USPTO for use in connection with "[r]esidential, commercial, and industrial painting and renovation of buildings services" and "interior decorating" ("the '817 Registration").



COMPLAINT                                                                                          - 4 -

13.   A true and accurate copy of the Certificate of Registration for the '817 Registration is attached hereto as **Exhibit B**. The '817 Registration has become incontestable pursuant to the provisions of 15 U.S.C. § 1065 and therefore constitutes conclusive evidence of the validity of the mark shown therein, of the registration of said mark, of Plaintiff's ownership of said mark, and of Plaintiff's exclusive right to use said mark in commerce in connection with the services specified therein.

14.   Plaintiff and its respective franchisees have also used the FIVE STAR PAINTING and design service mark shown below for over three years in connection with painting services, among other services. On June 6, 2017, Plaintiff (or its predecessor) was granted U.S. Service Mark Reg. No. 5,218,960, for the mark "FIVE STAR PAINTING" together with a distinctive design logo, on the Principal Register of the USPTO for use in connection with "[r]esidential, commercial and industrial painting services; gutter installation and repair services; pressure washing services; concrete cleaning services; carpentry services" ("the '960 Registration").



A true and accurate copy of the Certificate of Registration for the '817 Registration is attached hereto as **Exhibit C**. The '817 Registration has become incontestable pursuant to the provisions of 15 U.S.C.§ 1065 and therefore constitutes conclusive evidence of the validity of the mark shown therein, of the registration of said mark, of Plaintiff's ownership of said mark, and of Plaintiff's exclusive right to use said mark in commerce in connection with the services specified therein.

15.   In addition to the service mark registrations and pending application referenced in Paragraphs 7 through 14 above, Plaintiff also own all common law rights in and to the aforementioned service marks, including but not limited to the

COMPLAINT                                                                    - 5 -

service mark "FIVE STAR PAINTING," for use in connection with the provision of residential, commercial, and industrial painting services. (For ease of reference, the service marks shown in the USPTO records attached hereto as Exhibits A through C, together with all of the common law counterparts of these service marks, shall be referred to collectively hereafter as "Plaintiff's Marks.")

16.    In addition to Plaintiff's Marks, Plaintiff's predecessor registered the Internet domain name *www.fivestarpainting.com* in March 1998. This Internet domain name is often displayed on Plaintiff's promotional materials and on Plaintiff's vehicles. Moreover, this Internet domain name has been, and continues to be, utilized in connection with Plaintiff's commercial Internet website, which may be found at *www.fivestarpainting.com*, access to which is available nationwide.

17.    The websites for Plaintiff's Southern California Franchisees are (a) www.fivestarpainting.com/corona-ca (Corona), (b) www.fivestarpainting.com/long-beach (Long Beach), (c) www.fivestarpainting.com/san-diego (San Diego), (d) www.fivestarpainting.com/san-marcos (San Marcos), (e) www.fivestarpainting.com/simi-valley (Simi Valley), (f) www.fivestarpainting.com/temecula-valley (Temecula Valley), and (g) www.fivestarpainting.com/woodland-hills (Woodland Hills).

18.    From at least 2004 through the present, Plaintiff, its predecessors, and their respective franchisees have engaged in the marketing and use of Plaintiff's Marks in connection with residential, commercial, and industrial painting services. Plaintiff and its franchisees have invested substantial sums of money in advertising, marketing, and promoting those marks and the services provided under them.

19.    As a result of the continuous and exclusive extensive use of Plaintiff's Marks by Plaintiff and its franchisees, the marks enjoy wide public acceptance and association with Plaintiff and have come to be recognized widely and favorably by the public as indicators of the source of Plaintiff's high quality painting services across the country, including throughout the State of California. The extensive

COMPLAINT                                                        - 6 -

promotion by Plaintiff and its franchisees of these marks has resulted in millions of dollars in revenues received for services provided in connection with Plaintiff's Marks.

20.     As a result of the extensive use and promotion of Plaintiff's Marks throughout the country by Plaintiff, its predecessors, and their respective franchisees, Plaintiff has built up and now owns valuable goodwill that is symbolized by Plaintiff's Marks. Plaintiff's Marks are distinctive and, through Plaintiff's investments of time, money, creativity, and efforts, Plaintiff's Marks have acquired significant value and goodwill across the country, including throughout the State of California.

## DEFENDANT'S UNLAWFUL CONDUCT

21.     Upon information and belief, Defendant is engaged in the business of residential, commercial, and industrial painting services under the trade name 5 Star Painter LA.

22.     Upon information and belief, except for a significant difference in quality and customer service, Defendant's services and Plaintiff's services are the same or similar, and are sold through the same channels of trade and sold to and used by the same consumers.

23.     Upon information and belief, Defendant advertises, markets, and promotes the trade name 5 Star Painter LA on the website located at the domain name *5starpainterlosangeles.com*. A true and correct copy of a screenshot of the website located at the domain name *5starpainterlosangeles.com* is attached as **Exhibit D**.

24.     On September 6, 2017, counsel for Plaintiff sent a demand letter to Defendant via email and overnight mail notifying Defendant of Plaintiff's use and registration of Plaintiff's Marks, and further notifying Defendant that although Plaintiff "does not currently maintain an authorized FIVE STAR PAINTING franchisee in [Defendant's] specific area in Greater Los Angeles, [Plaintiff] is poised to expand its franchise system into that geographic area." Plaintiff wrote to provide

COMPLAINT                                                                                                    - 7 -

notice of its senior rights in Plaintiff's Marks, and to give Defendant an opportunity to change its name to one that is not confusingly similar to Plaintiff's Marks. Plaintiff requested Defendant "cease and desist from further use of the '5 Star Painter LA' name and 5starpainterlosangeles.com domain name." A true and correct copy of the demand letter sent to Defendant is attached as **Exhibit E**.

25.     Upon information and belief, Defendant received the demand letter from Plaintiff via email.

26.     Defendant failed to respond to Plaintiff's demand letter.

27.     Counsel for Plaintiff subsequently attempted to contact Defendant by telephone at the number listed on *www.5starpainterlosangeles.com* to discuss the demand letter, but upon information and belief, Plaintiff's efforts to speak to someone in management or in control of the business were intentionally thwarted by the person answering the phones for Defendant.

28.     After having no success calling Defendant, Plaintiff followed up with Defendant via email seeking a response from Defendant to Plaintiff's demand letter, but again, Plaintiff received no response.

29.     Defendant continues to use the trade name 5 Star Painter LA and the domain name *www.5starpainterlosangeles.com* (the "Infringing Marks") in connection with retail, commercial, and industrial painting services even after it was put on actual notice of Plaintiff's rights in Plaintiff's Marks.

30.     Upon information and belief, Defendant is using the Infringing Marks for retail, commercial, and industrial painting services in a deliberate and willful attempt to draw on the goodwill and commercial magnetism of Plaintiff's Marks.

31.     Defendant's conduct is causing immediate and irreparable injury to Plaintiff and to its goodwill and reputation, and will continue both to damage Plaintiff and deceive the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

# FIRST CLAIM FOR RELIEF

## (Federal Trademark Infringement, 15 U.S.C. § 1114)

32.     The allegations of the foregoing Paragraphs are repleaded and incorporated by reference as if fully set forth herein.

33.     Defendant's distribution, marketing, promotion, offering for sale, and sale of services under the Infringing Marks is likely to cause confusion, mistake, or deception as to the source, affiliation, or sponsorship of Defendant's services. As a result of Defendant's unauthorized use of designations that are confusingly similar to Plaintiff's federally registered marks, the public is likely to believe that Defendant's services have been endorsed, offered, sponsored, or approved by, or are affiliated with or originate from Plaintiff.

34.     Defendant's unauthorized use of marks that incorporate and/or are confusingly similar to Plaintiff's federally registered marks falsely represents Defendant's services as emanating from or being authorized by Plaintiff and places beyond Plaintiff's control the quality of the services being offered under Plaintiff's federally registered marks.

35.     Defendant's infringement of Plaintiff's federally registered marks is willful, intended to reap the benefit of the goodwill of Plaintiff, and violates Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

36.     Defendant's conduct is causing, and is likely to cause, substantial injury to the public and to Plaintiff, and Plaintiff is entitled to permanent injunctive relief and to recover Plaintiff's actual damages, an award of Defendant's profits, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1116 and 1117. In view of Defendant's willful infringement, the award of such damages or profits should be trebled pursuant to 15 U.S.C. § 1117(a).

**SECOND CLAIM FOR RELIEF**

**(Federal Unfair Competition and False Designation of Origin, 15 U.S.C. § 1125)**

37.     The allegations of the foregoing Paragraphs are repleaded and incorporated by reference as if fully set forth herein.

38.     Defendant's distribution, marketing, promotion, offering for sale, and sale of services under the Infringing Marks constitute false designations of origin and false descriptions or representations that Defendant's services originate from or are authorized by, or are otherwise associated with, Plaintiff, when in fact they are not.

39.     As a result of Defendant's unauthorized use of Plaintiff's Marks and/or marks that are confusingly similar to Plaintiff's Marks, the public is likely to be misled and confused as to the source, sponsorship, or affiliation of Defendant's services.

40.     Defendant's conduct is willful, intended to reap the benefit of Plaintiff's goodwill, and violates Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

41.     Defendant's conduct is causing, and is likely to cause, substantial injury to the public and to Plaintiff, and Plaintiff is entitled to permanent injunctive relief and to recover Plaintiff's actual damages, an award of Defendant's profits, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1116 and 1117. In view of Defendant's willful infringement, the award of such damages or profits should be trebled pursuant to 15 U.S.C. § 1117(a).

**THIRD CLAIM FOR RELIEF**

**(Common Law Service Mark Infringement and Unfair Competition)**

42.     The allegations of the foregoing Paragraphs are repleaded and incorporated by reference as if fully set forth herein.

43.     Defendant's acts as described in the preceding paragraphs constitute common law trademark infringement and unfair competition and have created and will continue to create, unless restrained by this Court, a likelihood of confusion to

COMPLAINT                                                                                          - 10 -

1   the irreparable injury of Plaintiff. Plaintiff has no adequate remedy at law for this

2   injury.

3       44.    Defendant acted with full knowledge of Plaintiff's use of, and statutory

4   and common law rights to, Plaintiff's Marks and without regard to the likelihood of

5   confusion of the public created by Defendant's activities.

6       45.    Defendant's actions demonstrate an intentional, willful, and malicious

7   intent to trade on the goodwill associated with Plaintiff's Marks, and with full

8   knowledge and in conscious disregard of Plaintiff's rights, to the great and irreparable

9   injury of Plaintiff.

10      46.    As well as harming the public, Defendant's conduct as alleged herein

11  has caused and will continue to cause Plaintiff irreparable harm for which there is no

12  adequate remedy at law, and is also causing damage to Plaintiff in an amount which

13  cannot be accurately computed at this time but will be proven at trial.

### **FOURTH CLAIM FOR RELIEF**

### **(Violation of California Business & Professions Code § 17200)**

16      47.    The allegations of the foregoing Paragraphs are repleaded and

17  incorporated by reference as if fully set forth herein.

18      48.    Defendant is making unauthorized commercial use of Plaintiff's Marks

19  in a deliberate, willful, intentional and wrongful attempt to trade on Plaintiff's

20  goodwill, reputation and financial investments in Plaintiff's Marks.

21      49.    By reason of Defendant's conduct as alleged herein, Defendant has

22  engaged in unlawful, unfair and/or fraudulent ongoing business practices in violation

23  of California Business & Professions Code § 17200.

24      50.    As a direct result of Defendant's unfair competition with regard to its

25  unauthorized use of Plaintiff's Marks, Defendant has unlawfully acquired, and

26  continues to acquire on an ongoing basis, an unfair competitive advantage and has

27  engaged in, and continues to engage in, wrongful business conduct to Defendant's

28  monetary advantage and to the detriment of Plaintiff.

COMPLAINT                                                                    - 11 -

51. Defendant's conduct as alleged herein has been undertaken willfully, maliciously, and with full knowledge and in conscious disregard of Plaintiff's rights.

52. Defendant's illegal and unfair business practices are continuing, and injunctive relief pursuant to California Business and Professions Code § 17203 is necessary to prevent and restrain further violations by Defendant.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests a permanent injunction, damages, Defendant's profits, costs, attorneys' fees, and any other appropriate relief, and prays as follows:

1. That Defendant and all of its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendant, or in concert or participation with Defendant and each of its agents, officers, employees, representatives, successors, assigns, or attorneys, be permanently enjoined from:

    a. Using Plaintiff's Marks, or any other copy, reproduction, or colorable imitation of Plaintiff's Marks, including the Infringing Marks, in connection with any goods or services;

    b. Using any trademark, trade dress, service mark, name, logo, design or source of designation of any kind on or in connection with any goods or services that are likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by Plaintiff, are sponsored or authorized by Plaintiff, or are in any way connected or related to Plaintiff;

    c. Passing off, palming off, or assisting in palming off, any goods or services as those of Plaintiff, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint;

    d. Operating the *www.5starpainterlosangeles.com* website or any

COMPLAINT                                                  - 12 -

such further and additional websites, including any social media or other online media accounts, that may be discovered to be infringing Plaintiff's rights in any manner;

    e.    Effecting any assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth herein.

2.    That Defendant be ordered to turn over or destroy all advertising and promotional materials, stationery, envelopes, business cards, invoices, and similar materials bearing any of Plaintiff's Marks or the Infringing Marks;

3.    That an accounting be ordered and judgment rendered against Defendant for all profits received from its unauthorized use of Plaintiff's Marks or the Infringing Marks or from its unfair competition;

4.    That Plaintiff has and recovers from Defendant monetary damages consistent with applicable federal and state law including without limitation, compensation for Plaintiff's damages, Defendant's profits, or other financial benefits from its actions, all in amounts to be determined at trial;

5.    That based on Defendant's knowing, willful, and intentional use of confusingly similar imitations of Plaintiff's Marks, the damages awarded be trebled and the award of Defendant's profits be enhanced as provided for by 15 U.S.C. § 1117(a);

6.    That the costs of this action, including a reasonable attorneys' fee for Plaintiff's attorneys, be taxed against Defendant;

7.    That Plaintiff be awarded pre- and post-judgment interest; and

///

///

///

///

COMPLAINT

1    8.    That the Court grant Plaintiff such other and further relief, both general

2  and specific, as the Court may deem just and proper.

3                          **<u>DEMAND FOR JURY TRIAL</u>**

4         Plaintiff demands a trial by jury on all issues so triable.

5

6  DATED:  June 6, 2018          Respectfully submitted,

7                                KILPATRICK TOWNSEND & STOCKTON
                                 LLP
8

9
                                By:    /s/ Kollin J. Zimmermann
10                                     Kollin J. Zimmermann, Esq.

11                              Attorneys for Plaintiff
                               FIVE STAR PAINTING, LLC
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                                                              - 14 -

# EXHIBIT A



# United States of America

## United States Patent and Trademark Office

# FIVE STAR PAINTING

**Reg. No. 4,840,695**

**Registered Oct. 27, 2015**

FIVE STAR PAINTING INC. (DELAWARE CORPORATION)
1010 N. UNIVERSITY PARKS DR.
WACO, TX 76707

**Int. Cls.: 37 and 42**

FOR: RESIDENTIAL, COMMERCIAL AND INDUSTRIAL PAINTING SERVICES; GUTTER
INSTALLATION AND REPAIR SERVICES; PRESSURE WASHING SERVICES; CONCRETE
CLEANING SERVICES; CARPENTRY SERVICES, IN CLASS 37 (U.S. CLS. 100, 103 AND
106).

**SERVICE MARK**

**PRINCIPAL REGISTER**

FIRST USE 1-1-2002; IN COMMERCE 11-15-2004.

FOR: INTERIOR DECORATING, IN CLASS 42 (U.S. CLS. 100 AND 101).

FIRST USE 1-1-2002; IN COMMERCE 11-15-2004.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 3,871,817.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "PAINTING", APART FROM
THE MARK AS SHOWN.

SER. NO. 86-560,700, FILED 3-11-2015.

JAMES STEIN, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office

> ## REQUIREMENTS TO MAINTAIN YOUR FEDERAL
> ## TRADEMARK REGISTRATION
>
> ## WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
> ## DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.

**Requirements in the First Ten Years***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at** http://www.uspto.gov.

# EXHIBIT B

# United States of America

## United States Patent and Trademark Office



**Reg. No. 3,871,817**

**Registered Nov. 9, 2010**

**Int. Cls.: 37 and 42**

**SERVICE MARK**

**PRINCIPAL REGISTER**

FIVE STAR PAINTING INC. (DELAWARE CORPORATION)
938 SOUTH, 2000 WEST
SUITE 220
SPRINGVILLE, UT 84663

FOR: RESIDENTIAL, COMMERCIAL, AND INDUSTRIAL PAINTING AND RENOVATION OF BUILDINGS SERVICES, IN CLASS 37 (U.S. CLS. 100, 103 AND 106).

FIRST USE 1-1-2002; IN COMMERCE 11-15-2004.

FOR: INTERIOR DECORATING, IN CLASS 42 (U.S. CLS. 100 AND 101).

FIRST USE 1-1-2002; IN COMMERCE 11-15-2004.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "PAINTING", APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF A CIRCULAR DESIGN WHICH CONTAINS FIVE STARS, AS WELL AS THE STYLIZED WORDS "FIVE STAR PAINTING."

SER. NO. 77-089,678, FILED 1-24-2007.

MARILYN IZZI, EXAMINING ATTORNEY



*David J. Kappos*

Director of the United States Patent and Trademark Office

# EXHIBIT C

# United States of America

## United States Patent and Trademark Office



**Reg. No. 5,218,960**

**Registered Jun. 06, 2017**

**Int. Cl.: 37**

**Service Mark**

**Principal Register**

FIVE STAR PAINTING, LLC (DELAWARE LIMITED LIABILITY COMPANY)
1010 N. UNIVERSITY PARKS DRIVE
WACO, TX 76707

CLASS 37: Residential, commercial and industrial painting services; gutter installation and repair services; pressure washing services; concrete cleaning services; carpentry services

FIRST USE 1-00-2015; IN COMMERCE 1-00-2015

The mark consists of a circular design which contains five stars, as well as the words "FIVE STAR PAINTING" with stylized paint splashes around the circumference of the outer circle.

OWNER OF U.S. REG. NO. 3871817

No claim is made to the exclusive right to use the following apart from the mark as shown: "PAINTING"

SER. NO. 86-562,182, FILED 03-12-2015
JAMES W STEIN, EXAMINING ATTORNEY



*Michelle K. Lee*

Director of the United States
Patent and Trademark Office

> **REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**
>
> **WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

**Requirements in the First Ten  Years***
**What and When to File:**

- *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  See 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.*  See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an  Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. See 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the  World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  See 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** h ttp://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic  Application System (TEAS) Correspondence  Address and Change of Owner  Address Forms available at** http://www.uspto.gov.

# EXHIBIT D

# 5 Star Painter LA

HOME    SERVICES    GALLERY    PROJECTS    BLOG    CONTACT

REQUEST A QUOTE          OR CALL US AT (310) 421-2786



BECAUSE QUALITY MATTERS

WHY CHOOSE **5 Star Painter LA**



### SERVICES

We excel in your prerequisites. Whether it is the painting of a commercial office, retail outlet or



### PREVIOUS WORKS

Within this area you can observe and withdraw any ideas that could initiate your painting project. We have



### GET IN TOUCH

When it comes to fine painting, there are many techniques that a professional can utilise. Here at 5

Document title: 5 Star Painter LA
Capture URL: http://5starpainterlosangeles.com/
Capture timestamp (UTC): Mon, 28 May 2018 16:20:01 GMT

### SERVICES

We excel in your prerequisites. Whether it is the painting of a commercial office, retail outlet or residential home, 5 Star Painter LA is the perfect choice.

**READ MORE**

### PREVIOUS WORKS

Within this area you can observe and withdraw any ideas that could initiate your painting project. We have a wide variety collection of previous projects to display.

**READ MORE**

### GET IN TOUCH

When it comes to fine painting, there are many techniques that a professional can utilise. Here at 5 Star Painter LA, our professional painters are skilled in all facets of paint work

**READ MORE**

# 5 Star Painter LA

Devotion, efficiency, professionalism, innovation and excellence are what galvanise 5 Star Painter LA to success. A bright and constructive team, enriched with accomplished painters that offer more than just stock-standard exterior and interior painting projects. Our expertise flourishes over a wide range of restorations, deck rehabilitations, water damage repairs and heritage restorations.

What sets 5 Star Painter LA apart is their innovative approach. We suggest, advise and provide recommendations to our clients. We educate them about our state of the art painting techniques, assisting them towards the right colour scheme that will suit their rejuvenated home. Our creative team always ensures client satisfaction.

Discover the adventure of colour, identify the beauty of colour combinations and perceive the vibrancy an alternative coat of paint can achieve. Our exceptional painting team will help spark your imagination with stylish, vibrant and classy ideas in order for you to achieve your dream home. 5 Star Painter LA acknowledge that choosing the correct colour arrangements is a delicate decision, so we are here to help you paint your journey to a beautiful home!



## MEDIA **COVERAGE**

"In a quiet street with easy access to Northcote plaza, this three bedroom residence has been given a masterful, modern makeover...."

Download our *The Melbourne Times Media Coverage*

Document title: 5 Star Painter LA
Capture URL: http://5starpainterlosangeles.com/
Capture timestamp (UTC): Mon, 28 May 2018 16:20:01 GMT

Devotion, efficiency, professionalism, innovation and excellence are what galvanise 5 Star Painter LA apart from our competitors. We combine efficiency and aesthetic considerations in our everyday stock-standard exterior and interior painting projects. Our expertise flourishes over a wide range of restorations, deck rehabilitations, water damage repairs and heritage restorations.

What sets 5 Star Painter LA apart is their innovative approach. We suggest, advise and provide recommendations to our clients. We educate them about our state of the art painting techniques, assisting them towards the right colour scheme that will suit their rejuvenated home. Our creative team always ensures client satisfaction.

Discover the adventure of colour, identify the beauty of colour combinations and perceive the vibrancy an alternative coat of paint can achieve. Our exceptional painting team will help spark your imagination with stylish, vibrant and classy ideas in order for you to achieve your dream home. 5 Star Painter LA acknowledge that choosing the correct colour arrangements is a delicate decision, so we are here to help you paint your journey to a beautiful home!

## MEDIA **COVERAGE**

"

"*In a quiet street with easy access to Northcote plaza, this three bedroom residence has been given a masterful, modern makeover....*"

Download our *The Melbourne Times Media Coverage*

## 5 Star Painter LA

5 Star Painter LA is a small painting team of qualified tradespeople, with experience spanning from ten years right through to over thirty years. We specialise in high quality residential painting, and over the years we have developed a strong passion for uncompromised, high quality workmanship.

### CONTACT US

**(310) 421-2786**
1670 Hillhurst Ave. St #203, Los Angeles, CA 90027

Copyright © 2016 5 Star Painter LA. All rights reserved.

# EXHIBIT E



**KILPATRICK TOWNSEND**
ATTORNEYS AT LAW

KILPATRICK TOWNSEND & STOCKTON LLP
www.kilpatricktownsend.com

1001 West Fourth Street
Winston-Salem, NC 27101-2400
t 336 607 7300  f 336 607 7500

direct dial 336 607 7482
direct fax 336 734 2656
bbryner@kilpatricktownsend.com

September 6, 2017

***Via Overnight Mail & E-Mail***

5 Star Painter LA
a/k/a 5 Star Painters Griffith
1670 Hillhurst Ave. St. #203
Los Angeles, CA 90027
alexander@5starpainterlosangeles.com

Re:    Infringement of FIVE STAR PAINTING® Mark

To Whom It May Concern:

This law firm represents Five Star Painting, LLC ("FSP") in connection with trademark matters. Since at least 2002, FSP has operated a residential, commercial, and industrial painting franchise system under the FIVE STAR PAINTING service mark. FSP also owns U.S. Registration No. 3,871,817 for the FIVE STAR PAINTING and design mark, a copy of which is enclosed.

It has recently come to our attention that you operate a competing painting business under the name "5 Star Painter LA" in Los Angeles, California, and that you advertise that business through a website located at 5starpainterlosangeles.com. FSP has not authorized you to use the FIVE STAR PAINTING mark in this or any other manner. Although FSP does not currently maintain an authorized FIVE STAR PAINTING franchisee servicing your specific area in Greater Los Angeles, it is poised to expand its franchise system into that geographic area. When this franchise expansion occurs, confusion or mistake among the public will be inevitable because these two competing businesses will both be using nearly identical names in connection with providing identical services. We therefore write to give you notice of FSP's senior rights in the FIVE STAR PAINTING mark, and to give you an opportunity to change the name of your business to one that is not confusingly similar to that mark. As your trademark attorney can advise you, if you refuse to change the name of your business and when FSP expands its franchise system to Los Angeles, the law provides that FSP will be entitled to injunctive relief and other remedies to vindicate its senior rights in the FIVE STAR PAINTING mark and to prevent confusion among the public.

Under these circumstances, FSP insists that you cease and desist from further use of the "5 Star Painter LA" name and 5starpainterlosangeles.com domain name and transition your business to a different name that is not confusingly similar to the FIVE STAR PAINTING mark.

ATLANTA  AUGUSTA  CHARLOTTE  DALLAS  DENVER  LOS ANGELES  NEW YORK  RALEIGH  SAN DIEGO  SAN FRANCISCO
SEATTLE  SHANGHAI  SILICON VALLEY  STOCKHOLM  TOKYO  WALNUT CREEK  WASHINGTON  WINSTON-SALEM

US2008 13313869 1

5 Star Painter LA
Page 2

Please reply, in writing, by no later than **September 22, 2017**, confirming that you have complied with this demand.

       We look forward to hearing from you.

                Sincerely,

                William M. Bryner

Enclosure

cc:     Five Star Painting Inc. (via e-mail only)

# United States of America

## United States Patent and Trademark Office



**Reg. No. 3,871,817**

**Registered Nov. 9, 2010**

**Int. Cls.: 37 and 42**

**SERVICE MARK**

**PRINCIPAL REGISTER**

FIVE STAR PAINTING INC. (DELAWARE CORPORATION)
938 SOUTH, 2000 WEST
SUITE 220
SPRINGVILLE, UT 84663

FOR: RESIDENTIAL, COMMERCIAL, AND INDUSTRIAL PAINTING AND RENOVATION OF BUILDINGS SERVICES, IN CLASS 37 (U.S. CLS. 100, 103 AND 106).

FIRST USE 1-1-2002; IN COMMERCE 11-15-2004.

FOR: INTERIOR DECORATING, IN CLASS 42 (U.S. CLS. 100 AND 101).

FIRST USE 1-1-2002; IN COMMERCE 11-15-2004.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "PAINTING", APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF A CIRCULAR DESIGN WHICH CONTAINS FIVE STARS, AS WELL AS THE STYLIZED WORDS "FIVE STAR PAINTING."

SER. NO. 77-089,678, FILED 1-24-2007.

MARILYN IZZI, EXAMINING ATTORNEY



*David J. Kappos*

Director of the United States Patent and Trademark Office